UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P794-H

**FRANCIS GERALD THOMAS**                                                                           **PETITIONER**

**v.**

**PATTI WEBB, WARDEN**                                                                              **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

The petitioner, Francis Gerald Thomas, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter is currently before the court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the court will direct the petitioner to show cause why his petition should not be denied and his action dismissed as untimely.

I.

On January 29, 1996, the Jefferson Circuit Court convicted the petitioner of two counts of wanton murder, trafficking in a controlled substance, criminal mischief, wanton endangerment, failure to stop and render aid, speeding, and disregarding a traffic signal. On March 29, 1996, the Jefferson Circuit Court sentenced him to a term of life in prison. The Supreme Court of Kentucky affirmed his conviction on January 20, 2000, *Thomas v. Commonwealth,* 17 S.W.3d 858 (Ky. 2000), and on June 15, 2000, it denied his motion for rehearing. The petitioner did not seek further review of his conviction and sentence by the United States Supreme Court.

The petitioner claims that on August 21, 2003, counsel filed a motion for relief from judgment pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure. According to a

letter from counsel to petitioner dated December 17, 2003, counsel filed an amended brief asking the court to vacate, set aside and correct his sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure (DN 1, App., p. 9). On November 18, 2004, the trial court denied the motions, finding his request for Rule 11.42 relief to be untimely. *Id.* at 43-6. The petitioner appealed the decision, and his appeal is currently pending before the Kentucky Court of Appeals; he maintains that the appeal is without merit (DN 1, Pet., p. 7). *Thomas v. Commonwealth*, No. 2005-CA-224-MR (Ky. App. filed Jan. 12, 2005).

With respect to the timeliness of his federal petition, he claims that counsel failed to advise him that the Supreme Court of Kentucky denied his motion for rehearing. *Id.* at 14. He claims that he did not learn of that decision until January of 2003 (DN 1, Mem., pp. 28-9).

II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's direct appeal of his conviction ended on June 15, 2000, when the Supreme Court of Kentucky denied his motion for rehearing. However, his conviction became final, for purposes of the AEDPA's statute-of-limitations period, on the date that the 90-day time period for seeking certiorari from the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F.2d 280, 283 (6th Cir. 2000). The petitioner's conviction, therefore, became final on September 13, 2000, when he failed to seek certiorari review from the U.S. Supreme Court. Thus, he had until September 13, 2001, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").

A review of the action, however, reveals that the petitioner did not file any time-tolling collateral attacks of his state court conviction until August 21, 2003, well after the applicable limitations had expired. His filing a Rule 60.02 or 11.42 postconviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346

F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (" . . . although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion."). Thus, when the petitioner finally sought postconviction relief from the Jefferson Circuit Court in the Fall of 2003, there was nothing left of the one-year statute of limitations to toll.

While the court is aware that the petitioner's supporting memorandum partially addressed the timeliness issue, it did not specifically address whether the petitioner believes that he is entitled to equitable tolling of that limitations period. *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Accordingly,

**IT IS HEREBY ORDERED** that no later than **thirty (30) days** from the date of this order, the petitioner shall show cause why his petition should not be denied and his action dismissed as barred by the applicable statute of limitations.

Date:

cc:   Petitioner pro se
      4412.002