UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-P794-H

FRANCIS GERALD THOMAS                                                                 PETITIONER

V.

PATTI R. WEBB, WARDEN                                                                 RESPONDENT

**MEMORANDUM OPINION**

Petitioner has filed this petition for writ of habeas corpus, which Respondent says must be dismissed due to expiration of the applicable statute of limitations. Petitioner objects on the grounds that the statute should be equitably tolled because his counsel allegedly misled and deceived him. For the reasons that follow, the Court concludes that Petitioner cannot establish equitable tolling.

I.

On March 29, 1996, the Jefferson Circuit Court (Indictment No. 95-CR-358) entered judgment against Thomas, convicting him of two counts of murder and sentencing him to imprisonment for life. After several appeals, on January 20, 2000, the Kentucky Supreme Court affirmed Thomas' convictions. On June 15, 2000, the Kentucky Supreme Court denied his petition for rehearing. In accordance with Kentucky Rule of Civil Procedure (CR) 76.30, the opinion became final upon entry of the order. On September 13, 2000, the ninety-day time frame in which Thomas could file a petition for certiorari to the United States Supreme Court expired. At that point, the statute of limitations contained in 28 U.S.C. § 2244 began to run.

Consequently, Thomas had until September 12, 2001, in which to either (a) file a post conviction relief motion in state court (and thereby toll the statute of limitations) or (b) file a federal petition for writ of habeas corpus. Thomas failed to file either such pleading.

On August 21, 2003, Thomas filed a motion for state post conviction in Jefferson Circuit Court, seeking to vacate judgment under Kentucky Rule of Civil Procedure (RCr) 60.02. The filing of the state post conviction relief was too late to toll the statute of limitations (i.e. 708 days or nearly two years too late, from September 12, 2001 until August 21, 2003). On November 18, 2004, the trial judge denied Thomas' motion. Thomas appealed that denial. During this interim Thomas also filed this federal petition for writ of habeas corpus on December 6, 2005. On April 7, 2006, the Kentucky Court of Appeals affirmed. Thereafter, Thomas did file a motion for discretionary review in the Kentucky Supreme Court, which is currently pending.

II.

The statute of limitations of 28 U.S.C. § 2244 applies to this case. Since the federal statute of limitations expired on September 12, 2001, Thomas' federal petition for writ of habeas corpus is over four years (1,638 days) late. Petitioner's only serious argument is that his counsel lied to him and misled him about his case, causing Petitioner to miss the deadline.

Prior to the adoption of the AEDPA, in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), the United States Court of Appeals for the Sixth Circuit identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations under the AEDPA, as follows: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining

ignorant of the legal requirement for filing his claim. The Sixth Circuit reaffirmed this five-factor test in post AEDPA habeas cases in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

The Sixth Circuit's five-factor analysis, set forth in *Andrews* and *Dunlap*, in determining whether equitable tolling should apply in habeas cases, was overruled by the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408 (decided April 27, 2005), which held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418. By use of the word "and," the High Court requires a showing of *both* of the above factors.

Thomas' claim that his counsel failed to inform him and that he failed to learn that the Kentucky Supreme Court had denied his petition for rehearing is highly questionable. First, his case was a published decision of the Kentucky Supreme Court, and state prisoners have access to the Southwestern Reporter. Moreover, were this Court to accept Thomas' statement that he "first learned of the [Kentucky] Supreme Court's Order denying [his] motion [sic petition] for rehearing on or about January 15, 2003," Thomas should have immediately filed a federal petition for writ of habeas corpus upon learning of the denial of the petition for rehearing and should have requested that the Court apply equitable tolling at that time. Thomas did not do so. Rather, he waited almost three years until December 6, 2005, to file his federal petition.

Thomas says that counsel, Hon. David A. Lambertus discussed the possibility of filing a federal petition for writ of habeas corpus in a letter dated July 9, 2003. Lambertus recommended to Thomas that he file a state post conviction relief motion before proceeding to federal court.

3

Thomas' argument that he relied upon Lambertus' advice is questionable, because the federal statute of limitations expired on September 12, 2001, nearly twenty-two months prior to Lambertus' letter.  Even if Lambertus somehow miscalculated the due date of a federal habeas corpus petition, typically a lawyer's mistake does not constitute a valid basis for relief under equitable tolling.  *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003).  Thomas provides neither evidence nor argument that suggests an "extraordinary circumstance" actually prevented a timely filing the petition.  Therefore, the Court can find no extraordinary circumstances which prevented Thomas from filing his federal habeas corpus petition.

  Therefore, the Court finds no grounds for tolling the applicable statute of limitations. The Court will enter an order consistent with this Memorandum Opinion.

cc: Francis Gerald Thomas, *Pro Se*
   Counsel of Record